UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL WILLIAM FREEMAN,<br><br>    Petitioner,<br><br>v.<br><br>THOMAS LILLIARD,<br><br>    Respondent. | Case No. 3:24-cv-2227-JPG |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on preliminary review of Earl Freeman's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1). Freeman filed his petition on September 25, 2024. As it does not plainly appear that Freeman is not entitled to relief, the Court hereby **DEFERS** ruling on the petition and **ORDERS** the Respondent to file a response.

According to the Rules Governing Section 2254 Cases and Section 2255 Proceedings in the United States District Courts ("Habeas Rules"), the Court conducts a prompt, preliminary review of 2241 habeas petitions. *See* Habeas R's 1(b), 4. If it plainly appears from the petition that a petitioner is not entitled the relief, the Court denies the petition.

The First Step Act (FSA) allowed inmates to earn time credit to reduce their sentence. The FSA was made effective December 21, 2018. Freeman was in state custody on December 21, 2018. Freeman was not transferred to BOP custody until July 14, 2021. The BOP calculated Freeman's time credit starting from the time he was transferred to their custody, on July 14, 2021. Freeman claims that he is entitled to FSA time credit beginning on December 21, 2018, because he was still in custody before he was transferred to the BOP facility.

The First Step Act provides that good conduct time is earned from the start of an inmate's

incarceration; but *not* "during official detention *prior* to the date that the prisoner's sentence commences under section 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii) (emphasis added). Section 3585(a) states that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody *awaiting transportation to*, or arrives voluntarily to commence service of sentence at, *the official detention facility at which the sentence is to be served*." 18 U.S.C. § 3585(a) (emphasis added).

Freeman appealed administratively. On review, the BOP found that Freeman's time in state custody prior to July 14, 2021, did not qualify for time credit based on the following policy statement:

> **7. LIMITATIONS ON EARNING OF FTCs**
>
> Despite being eligible to earn FTCs, there are situations where an inmate is unable or unwilling to participate in EBRR programs or PAs, and therefore cannot earn FTCs. Such circumstances may include, but are not limited to, the following:
> . . . .
> ■ Designation status outside the institution (e.g., an outside medical trip or escorted trip, in-transit or at an in-transit facility, a furlough for the full day, etc.);
> ■ Placement in the custody of another jurisdiction (e.g., on state or federal writ, transfer to state custody for service of sentence, transfer to another federal agency, etc.)

FIRST STEP ACT OF 2018 – TIME CREDITS: PROCEDURES FOR IMPLEMENTATION OF 18 U.S.C. § 3632(D)(4), § 7 (B.O.P. PROGRAM STATEMENT 5410.01 CN-1, Nov. 18, 2022).

Freeman argues that the BOP's policy statement is inconsistent with the FSA. Essentially, Freeman claims that the BOP has exceeded its authority by defining the commencement of a sentence and the beginning of FSA time credit differently than Congress set out in the statute itself. Freeman argues for a *Chevron* analysis of the BOP's policy; however, *Chevron* was recently overruled and, therefore, *Chevron* is no longer good law. *See generally Chevron v. NRDC*, 467 U.S. 837, 837 (1984) (*overruled by Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2244 (2024)). Regardless, a deep

analysis of the BOP's policy statement is unnecessary here.

Congress explicitly provided that, for FSA purposes, a sentence begins when an inmate is transferred or awaiting transportation to "the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). *Compare* 18 U.S.C. § 3632(d)(4)(B)(ii) *with* 18 U.S.C. § 3585(a). The BOP's policy statement that inmates are ineligible for time credit before until they are transferred to or are specifically awaiting transportation to federal custody is consistent with the FSA. Freeman was in state custody before being transferred, and therefore, by the BOP's policy statement, he could not accrue time credit until he was transferred.

However, it is unclear precisely what relation Freeman's state custody had to his federal custody and whether being detained in state custody while awaiting transportation to a BOP facility qualifies as "awaiting transportation to . . . the official detention facility." 18 U.S.C. § 3585(a). This specific issue may have merit; therefore, it is not plainly apparent that Freeman is not entitled to relief.

## CONCLUSION

Finding that it is not plainly apparent from his petition that he is not entitled to relief, the Court **DEFERS** ruling Freeman's petition at this time and **ORDERS** the Warden to respond within twenty-one (21) days of the entry of this order.

**IT IS SO ORDERED.**
**DATED:  October 29, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**