UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL FREEMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 3:24-cv-02227-GCS |
| | ) |
| THOMAS LILLARD, Warden, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

## INTRODUCTION AND BACKGROUND

Petitioner Earl Freeman, a federal prisoner currently incarcerated at the Federal Correctional Institution at Greenville, Illinois ("FCI Greenville"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the application of time credits under the First Step Act of 2018 ("FSA") pursuant to 28 U.S.C. § 3632. (Doc. 1, 14). Specifically, Freeman argues that he is entitled to FSA time credit beginning on December 21, 2018 (the date the FSA was made effective). He asks the Court to direct the Bureau of Prisons ("BOP") to adjust his FSA time credit assessment start date to December 21, 2018, and recalculate his FSA time credit based on that date. The Respondent opposes the petition arguing that because Freeman was in under the primary jurisdiction of the state of Iowa, and in federal custody pursuant to a writ, he is not entitled to any additional

FSA time credits. (Doc. 13). Based on the reasons delineated below, the Court **DENIES** the petition.

On October 22, 2010, the United States filed an indictment against Freeman in the United States District Court for the Southern District of Iowa. Thereafter, on May 10, 2012, Freeman was sentenced to a 240-month federal sentence, for conspiracy to manufacture at least 50 grams of actual methamphetamine. Additionally, the sentencing judge ordered Freeman's federal sentence to be served concurrently with Freeman's state parole violations sentences in Cases Nos. FECR000480, FECR000524, SRIN001032, FECR000528, and FEC164492. *See United States v. Freeman*, 3:10-CR-00084-002.[1] Freeman was in state custody on December 21, 2018, and transferred to the Bureau of Prisons' custody on July 14, 2021. The BOP calculated Freeman's FSA time credit from the time he was transferred to their custody, on July 14, 2021.

On October 29, 2024, the Court performed a preliminary review of Freeman's § 2241 petition, found a "deep analysis of the BOP's policy statement was unnecessary" as *Chevron v. NRDC*, 467 U.S. 837 (1984) (*overruled by Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244 (2024) was no longer good law, and narrowed the issue at bar:

> Congress explicitly provided that for, FSA purposes, a sentence begins when an inmate is transferred or awaiting transportation to "the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). *Compare* 18 U.S.C. § 3632(d)(4)(B)(ii) *with* 18 U.S.C. § 3585(a). The BOP's policy statement that inmates are ineligible for time credit before until they are transferred to

---

[1] On June 1, 2010, the State of Iowa revoked Freeman's parole in the above noted state cases, and Freeman was returned to the State of Iowa to serve his state sentence.

> or are specifically awaiting transportation to federal custody is consistent with the FSA. Freeman was in custody before being transferred, and therefore, by BOP policy statement, he could not accrue time credit until he was transferred.
>
> However, it is unclear precisely what relation Freeman's state custody had to his federal custody and whether being detained in state custody while awaiting transportation to a BOP facility qualifies as "awaiting transportation to . . . the official detention facility." 18 U.S.C. § 3585(a). This specific issue may have merit; therefore, it is not plainly apparent that Freeman is not entitled to relief.

(Doc. 7, p. 3).

## DISCUSSION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *See, e.g.*, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3632(d)(4), eligible prisoners who successfully complete evidence-based recidivism reduction ("EBRR") programming or productive activities ("PA") shall earn time credits at a rate of 10 days for every 30 days of successful participation in EBRR programming or productive activities. However, a prisoner may not earn time credits for an evidence-based recidivism reduction program completed

during official detention prior to the date that the prisoner's sentence commences under 18 U.S.C. § 3585(a). 18 U.S.C. § 3632(d)(4)(B)(ii).

As Freeman argues and several courts have found, the BOP's definition of when a sentence "commences" conflicts with the plain language of the FSA. "Commencement of sentence" is defined in section 3585:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody *awaiting transportation to*, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a) (emphasis added). In contrast, the BOP's equivalent regulation is narrower:

> (a) When an eligible inmate begins earning FSA Time Credits. An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served).

28 C.F.R. § 523.42(a). Thus, while a prisoner's sentence would "commence" under 18 U.S.C. § 3585(a) when he is received in custody awaiting transportation to his designated facility and he would thus be eligible to earn credits under the language of section 3632(d)(4)(B)(ii), the BOP's policy would not permit the prisoner to earn credits until after he arrives at the designated facility.

Several courts have found that the BOP's policy conflicts with the statute. *See, e.g.*, *Borker v. Bowers*, Civil No. 24-10045-LTS, 2024 WL 2186742, at *2 (D. Mass. May 15, 2024) (finding that the regulation is at odds with the plain language of the statute); *Wong v.*

*Warden*, No. 4:24-CV-04117-CBK, 2024 WL 4027918, at *2 (D. S.D. Sept. 3, 2024) (stating that "in this case the BOP's final rule for the start date that an inmate may earn FSA Time Credits is contrary to Congress's directive that the BOP is required to 'provide all prisoners with the opportunity to actively participate in [EBRR] programs . . . throughout their entire term of incarceration.' 18 U.S.C. § 2621(h)(6)."); *Patel v. Barron*, Case No. C23-937-KKE, 2023 WL 6311281, at *5 (W.D. Wash. Sept. 28, 2023) (finding that 28 C.F.R. § 523.42(a) directly conflicts with an unambiguous statute and that BOP was not entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)); *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 218 (D.N.H. 2023) (same); *Sharma v. Peters*, Case No. 2:24-CV-158-RAH-KFP, 2024 WL 4668135, at (M.D. Ala. Nov. 4, 2024) (evaluating 28 C.F.R. § 523.41 under the *Loper* standard and finding "the undersigned is not convinced that Sharma's purported inability to earn FTCs for which he was eligible was because he was housed outside of his designated facility."); *but see Stevens v. Jacquez*, Case No. 3:23-CV-01482-AA, 2024 WL 3200546, at *4 (D. Ore. June 25, 2024) (finding that the policy conflicts with the plain language of the FSA but that petitioner could not show he successfully participated in programming); *Solberg v. Eischen*, Case No. 23-CV-3568 (ECT/DTS), 2024 WL 3251713, at *2 (D. Minn. May 7, 2024), report and recommendation adopted, File No. 23-CV-3568 (ECT/DTS), 2024 WL 3086630 (D. Minn. June 21, 2024) (petitioner could not show he had participated in programming); *Dane v. Bayless*, Civil Action No. 5:24-CV-157, 2024 WL 5150683, at *3-5 (N.D. W. Va. Nov.

20, 2024) (following *Stevens*), report and recommendation adopted, Civil Action No. 5:24-CV-157, 2024 WL 5150650 (N.D. W. Va. Dec. 17, 2024); *Harper v. Warden, FCI Waseca*, Case No. 23-cv-2502 (JRL/TNL), 2024 WL 3164981, at *5-6 (D. Minn. May 28, 2024), report and recommendation adopted, Civil No. 23-2502 (JRT/TNL), 2024 WL 3163730 (D. Minn. June 25, 2024).

Here, the Court need not decide whether the BOP's regulations conflict with the FSA because even if they do, Freeman has not established that he is entitled to an award of FSA time credit starting on December 21, 2018. To be entitled to FSA time credit, Freeman had to successfully participate in EBRR programming or PAs following either his sentencing on May 10, 2012, or the FSA effective date on December 18, 2018, until the date he was released to federal detainer, at time which he entered the exclusive custody of the federal authorities. *See* 18 U.S.C. § 3632(d)(4)(A). Freeman has not demonstrated in his petition, reply, or any of the attachments thereto that he successfully participated in any EBRR programming or PAs during the period of December 21, 2018, through July 14, 2021, to justify an award of additional FSA time credit.[2] Instead, it appears that he is seeking FSA time credit because he was sentenced and incarcerated prior to the date of

---

[2] It does not appear that Freeman could have participated in programming because the BOP did not conduct its assessment to determine the type and amount of appropriate programming for him until he was released to BOP custody on the federal detainer. *See, e.g.*, *Dane*, 2024 WL 5150683, at *5 (stating that "the BOP had not yet conducted an assessment to determine the type and amount of programming appropriate for petitioner until he arrived at his designated facility, and as such petitioner could not, in fact, successfully participate in programming."). Whether the BOP should have conducted its assessment sooner is not an issue for the Court's consideration.

the FSA went into effect. This is supported by the entirety of his arguments in his pleadings as it focuses on when he should have started earning FSA time credit instead of pointing to any evidence that he successfully participated in any EBRR programming or PAs from December 21, 2018. Accordingly, Freeman has not shown that the BOP failed to properly calculate and apply his FSA time credits and, consequently, he is not entitled to habeas relief in this matter.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Freeman's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The Court **DISMISSES with prejudice** this matter. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same and close the case.

**IT IS SO ORDERED.**

**DATED: May 9, 2025.**

Digitally signed by Judge Sison
Date: 2025.05.09 12:37:54 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**