UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL FREEMAN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>THOMAS LILLARD, Warden, )<br>)<br>Respondent. ) | Civil No. 3:24-cv-02227-GCS |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Pending before the Court is Petitioner Freeman's motion for reconsideration of the denial of his 28 U.S.C. § 2241 habeas corpus petition premised on "new" information this Court did not have at the time of the decision. (Doc. 19). Specifically, Petitioner argues that on April 2, 2025, the Bureau of Prisons ("BOP") updated his time credits pursuant to the First Step Act of 2018 ("FSA") to December 21, 2018, and therefore 935-days of disallowed program days should be reinstated. (Doc. 19). Respondent opposes the motion arguing that Petitioner has still not demonstrated that he successfully participated in any evidence-based recidivism reduction ("EBRR") programing or productive activities ("PAs") during that period as required by the FSA to award him the additional credit. The Court agrees with Respondent that this "new" information does not warrant

a reconsideration of the Court's previous Memorandum and Order denying and dismissing Petitioner's 28 U.S.C. § 2241 Petition. *See* (Doc. 17).

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *See United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment/order to be timely. This time limit is unyielding." *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) (citations omitted). The Court cannot extend the 28-day deadline imposed by Rule 59(e). *Id.* (citing FED. R. CIV. PROC. 6(b)(2); *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 664-665 (7th Cir. 2012)). When a motion to reconsider is filed more than 28 days after the entry of judgment/order, the Court is to treat the motion as filed under Rule 60(b). *Id.*

Petitioner filed the motion for reconsideration on July 8, 2025, almost two months *after* the entry of the Court's Order dated May 9, 2025. *See* FED. R. CIV. PROC. 59(e). Thus, the Court must treat the motion for reconsideration as one filed pursuant to Rule 60(b).

Under Rule 60(b), a Court may vacate a final judgment for mistake, inadvertence, surprise, or excusable neglect; fraud or misconduct of the opposing party; a judgment that is void or discharged; newly discovered evidence; or "any other reason that justifies relief." FED. R. CIV. PROC. 60(b)(1)-(6). Despite the catchall provision of allowing a court

to grant relief for "any other reason," Rule 60(b) is still an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

    Here, Petitioner has not shown a legal or factual mistake made by the Court, nor has he demonstrated any other reason to justify relief. *See Kemp v. United States*, 596 U.S. 528, 533-534 (2022). The Court again finds that Freeman has not established that he is entitled to an award of FSA time credit starting on December 21, 2018. To be entitled to FSA time credit, Petitioner had to successfully participate in EBRR programming or PAs following either his sentencing on May 10, 2012, or December 21, 2018, until the date he was released to federal detainer, at time which he entered the exclusive custody of the federal authorities. *See* 18 U.S.C. § 3632(d)(4)(A). Petitioner has not demonstrated in his motion for reconsideration that he successfully participated in any EBRR programming or PAs during the period of December 21, 2018, through July 14, 2021, to justify an award of additional FSA time credit. His argument for reconsideration focuses on when he should have started earning FSA time credit instead of pointing to evidence that he successfully participated in any EBRR programming or PAs from December 21, 2018. Accordingly, Petitioner has not shown that the BOP failed to properly calculate and apply his FSA time credits. Consequently, his motion for reconsideration is denied.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion for reconsideration. (Doc. 19).

**IT IS SO ORDERED.**

**DATED: February 4, 2026.**

Digitally signed by
Judge Sison
Date: 2026.02.04
13:10:08 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**